RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 0 4 2013

FILED _____
DOCKETED _____
DATE    INITIAL

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Angelica Hart et al
Appellant,

9th Cir. Case No. 13-35080

Originating Court Case No. 6:12 cv 00031

vs.

Benton County Sheriffs off, et al.
Appellee(s).

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1. Jurisdiction

    a. Timeliness of Appeal:

        (i) Date of entry of judgment or order of originating court: JANUARY 23 2013

        (ii) Date of service of any motion made after judgment (other than for fees and costs): N/A

        (iii) Date of entry of order deciding motion: N/A

        (iv) Date notice of appeal filed: FEBRUARY 7 2013

        (v) For prisoners, date you gave notice of appeal to prison authorities: N/A

ORIGINAL

9th Cir. Case No. 13-35080                                              Page 2

2. What are the facts of your case?    I am joining the Opening Brief of Shonna Reed and Jeffrey Sharp filed in this case February 21 2013 and agree completely with the "FACTS" section presented in that brief with the following additions:

Prior to the raid of October 20 2011 732 NW 29th Street (where I lived) was subject to Benton County Sheriff's Officers and Corvallis Police Department officers regularly circling the block, parking outside for hours, following me and my friends when we walked or drove down the street. They would frequently knock on the door, often very late at night/early in the morning when everyone was asleep and say they had a warrant for some subject who had never been at the home or not been there for a very long time or who was in jail at the time. When they were told that he was not there they would ask for a list of who lives there, who is there now. Usually they would ask me to wake the owner of the house (Mr. Sharp) and they would ask him the same questions.

9th Cir. Case No. 13-35080                                    Page 3

3. What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)? 1) Money judgment for a) excessive force-pointing loaded guns at me when I was harmless and compliant b) general excessive force and bad faith level of intrusiveness in search for some-one else's mail c) the warrant was obtained in bad faith searching for evidence they already had or knew did not exist, and failed to particularize to exclude my living space from the search for someone else's mail, rental agreements. d) The raiders failed to read or show us the warrant until the search was over. 2) Injunction against all defendants to stop bad faith use of arrest warrants for subjects known likely not to be there to obtain information about non-subjects.

4. State the claim or claims you raised at the originating court.

The claims were for the issues outlined above.

5. What issues are you raising on appeal? What do you think the originating court did wrong?

The same issues outlined above. I join the Opening Brief of Shonna Reed, Jeffrey Sharp in the case in agreement as to what the judge did wrong and add that she should have recognized that the bad faith use of arrest warrants without probable cause that subject at location to gain information on non-subjects at that location is a form of illegal search and should be enjoined. I also add that she should have recognized that even if there was a search for "Goodwin's mail" it should have particularized to exclude areas of the home occupied by others who would be very unlikely to have Goodwin's mail or rental agreements.

9th Cir. Case No. 13-35080                                    Page 4

6.  Did you present all issues listed in #5 to the originating court?

    YES         If not, why not?
    (Yes)/No

7.  What law supports these issues on appeal?
    (You may, but need not, refer to cases and statutes.)

I join the Opening Brief of Shonna Reed, Jeffrey Sharp in agreement as to the law that supports these issues on appeal and add that the 4th Amendment itself requires particularization to protect those like in my situation from a brutal, senseless search.

9th Cir. Case No. 13-35080                    Page 5

8. Do you have any other cases pending in this court? **NO**
If so, give the name and docket number of each case.

9. Have you filed any previous cases which have been decided by this court? **NO**
If so, give the name and docket number of each case.

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court? **N/A**

_Angelica Hart_
Name
732 NW 29th
Now its 1232 SW Vica
Corvallis OR 97333
Address

_Angelica Hart_
Signature

2-25-13
Date

# CERTIFICATE OF SERVICE

Case Name: Angelica Hart et al v. Benton County Sheriff's Office et al

9th Cir. Case No.: 13-35080

**IMPORTANT:** You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the INFORMAL OPENING BRIEF OF APPELLANT ANGEL HART
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

_Angel Hart_
Signature
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| GERALD WARREN | 901 CAPITOL ST NE SALEM OR 97301 | MARCH 1 2013 |
| SHONNA REED | 222 NW 17th ST CORVALLIS OR 97330 | MARCH 1 2013 |
| JEFFREY SHARP | c/o 344 NW 21st ST CORVALLIS OR 97330 | MARCH 1 2013 |
| ERICA FRAKES | c/o P.O. Box 788 CORVALLIS OR 97330 | MARCH 1 2013 |